UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CESAR DOMINGUEZ URIBE,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Respondents. | Case No.: 26-cv-209-JO-MMP<br><br>**ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |

Petitioner Jose Cesar Dominguez Uribe filed a petition for writ of habeas corpus. Dkt. 1. The Court held oral argument on February 2, 2026. The Court finds that it has jurisdiction to review Petitioner's constitutional challenges to his detention for the same reasons stated in its prior decision in *Pacheco v. LaRose*, No. 3:25-CV-2421-JO-AHG, 2026 WL 242300, *2–*3 (S.D. Cal. Jan. 29, 2026). For additional reasons stated on the record, the Court ORDERS as follows:

1. The Court GRANTS Petitioner's habeas petition [Dkt. 1].

1

2. Respondents are ORDERED to release Petitioner by 5 p.m. on February 3, 2026. Respondents are ORDERED to file an affidavit attesting to Petitioner's release by 5 p.m. on February 4, 2026.

3. Respondents are ENJOINED from redetaining Petitioner without a pre-deprivation hearing before an immigration judge, at which the Government bears the burden of proving by clear and convincing evidence that circumstances have materially changed, rendering Petitioner a danger to the community or a flight risk. *See Singh v. Holder*, 638 F.3d 1996, 1203 (9th Cir. 2011). If continued detention is not warranted, the immigration judge must consider Petitioner's financial circumstances and alternatives to bond in setting conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4. Respondents shall file a declaration attesting to full compliance with these obligations. Respondents are ENJOINED from redetaining Petitioner **until 48 hours after** filing the declaration.

**IT IS SO ORDERED**.

Dated: February 2, 2026

_____
Honorable Jinsook Ohta
United States District Judge